IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ANTONIO M. CROCKETT, )
 )
    Plaintiff, )
 )
v. ) Case No. 3:13-mc-0068
 )
SGT. SCOTT SATTERLEE, ) Judge Sharp
CPT. BRANDON ROBERTSON, and )
CPT. COREY TONEY, )
 )
    Defendants. )

## MEMORANDUM OPINION

Plaintiff Antonio M. Crockett's *pro se* complaint, alleging violations of his civil rights under 42 U.S.C. § 1983, is before the Court for an initial review pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

**I.    Standard of Review**

Under 28 U.S.C. § 1915(e)(2), the Court must dismiss any portion of a civil complaint filed *in forma pauperis* that fails to state a claim upon which relief can be granted or is frivolous. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). *Id.* § 1915A(b). The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556)."[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2)

take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009)).

Although *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with *pro se* complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## II.     Factual Allegations

The plaintiff alleges that he was being escorted back to his cell by defendant Scott Satterlee after a clinic visit on the night of July 31–August 1, 2013. He was in full restraints, with his hands cuffed and chained to his waist and his ankles shackled. He claims he was not being hostile or posing any type of threat. He "hollered" at a friend of his when they were passing his friend's unit, and at that point Satterlee grabbed his waist chain and swung him around to sweep his feet out from under him and knock him to the ground. The plaintiff states he was able to stay upright by "grabbing a hold of [Satterlee's] shirt." (ECF No. 1, at 3.) At that point, defendants Brandon Robertson and Corey Toney became involved by "slam[ming him] down on [his] face, arms & hands." (*Id.*) They told him to "be cool" while they picked him up. Once the plaintiff was on his feet, he spat at Satterlee. This action prompted all three officers to "rush" him again, forcing him to the ground. Defendant Robertson punched the plaintiff in the face with his fist, and the others kneed him in the face and strapped him into a restraint chair. The plaintiff alleges he suffered physical injuries from this assault, including a black eye and various scratches and bruises.

The plaintiff alleges that the defendants' actions constituted cruel and unusual punishment in violation of his constitutional rights. He seeks compensatory and punitive damages as well as injunctive relief.

## III.    Law and Analysis

To state a claim under § 1983, a plaintiff must "identify a right secured by the United States Constitution and deprivation of that right by a person acting under color of state law." *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992); *West v. Atkins*, 487 U.S. 42, 48 (1988). Both parts of this two-part test must be satisfied to support a claim under § 1983. *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

In *Hudson v. McMillian*, 503 U.S. 1, 4 (1992), the Supreme Court held that "the use of excessive physical force against a prisoner may constitute cruel and unusual punishment [in violation of the Eighth Amendment] [even] when the inmate does not suffer serious injury." *See also Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989) (noting that pretrial detainees are protected by the Due Process Clause of the Fourteenth Amendment from the use of excessive force that amounts to punishment). The plaintiff here alleges that he did nothing to provoke an assault and was fully shackled and handcuffed when Officer Satterlee attempted to throw him to the ground for no reason. When the plaintiff reacted by trying not to fall, he was assaulted not only by Satterlee but also by Robertson and Toney. Once he was allowed up, he allegedly spat at Satterlee, which provoked another round of blows, culminating in the plaintiff's being punched in the face by Robertson and kneed in the face by the other two defendants.

Accepting as true the plaintiff's allegations, and drawing all reasonable inferences in his favor, as the Court must at this stage, the Court finds that the plaintiff has stated a colorable claim under 42 U.S.C. § 1983 against all three defendants in their individual capacity based on the alleged use of excessive force and more than *de minimis* injuries. The Court, while expressing no opinion as to their ultimate merit, will permit these claims permitted to proceed. The plaintiff also potentially articulates state-law claims over which the Court may exercise supplemental jurisdiction.

An appropriate order is filed herewith.

Kevin H. Sharp
United States District Judge